# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

FRANCISCO MENA,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civ. No. 13-1508 SRC

**OPINION**

**STANLEY R. CHESLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of receiving stolen goods in interstate commerce and one count of producing/trafficking in a counterfeit device – unlawful use of an access device. Petitioner received a sentence of sixty months imprisonment. For the reasons that follow, it appears from review of the motion that it may be time-barred pursuant to 28 U.S.C. § 2255(f). Accordingly, petitioner will be ordered to show cause why his motion should not be dismissed as time-barred.[1]

## II.    BACKGROUND

Petitioner pled guilty and was sentenced on March 10, 2010. (*See* Dkt. No. 1 at p. 1 ("Section 2255 Motion").) Petitioner did not appeal from the judgment and sentence. (*See id.* at p. 2.) Petitioner initially filed a motion to vacate, set aside or correct his sentence on November

---

[1] Rule 4(b) of the Rules Governing Section 2255 cases states that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Furthermore, the court can raise the statute of limitations issue *sua sponte*. *See United States v. Bendolph*, 409 F.3d 155, 165 n. 15, 168 (3d Cir. 2005) (en banc) (stating that courts possess the power to *sua sponte* raise the statute of limitations issue in a § 2255 proceeding).

1, 2012.² (*See* D.N.J. Civ. No. 12-7269, Dkt. 1 at p. 12.) After being advised of his rights pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), petitioner requested that his motion to vacate, set aside or correct his sentence be withdrawn so that he could file a complete motion. (*See id.* Dkt. No. 7.) The Court granted petitioner's request on February 20, 2013, and his motion was withdrawn. (*See id.* Dkt. No. 8.)

On March 6, 2013, petitioner re-filed the instant Section 2255 Motion. (*See* Section 2255 Motion at p. 12.) The motion raises four claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) actual innocence; and (4) United States Code Title 18 is unconstitutional. (*See id.* at p. 4-8.) After being re-advised of his rights under *Miller*, petitioner indicated that he wished to proceed on the instant Section 2255 Motion. (*See* Dkt. No. 3.) Subsequently, petitioner filed an application for the production of court documents and for an evidentiary hearing. (*See* Dkt. Nos. 4 & 5.)

Petitioner raises several ineffective assistance of counsel claims. He contends that counsel coerced him to plead guilty. He also argues that counsel failed to explain that petitioner was losing several rights by pleading guilty. He further contends that counsel failed to investigate his case among other ineffective assistance of counsel arguments. (*See* Dkt. No. 1 at p.4.) With respect to his prosecutorial misconduct claim, petitioner asserts that "[t]he government allowed false statements about defendant's mother identifying a snapshot as her son to coerce and threaten defendant to plead guilty." (*Id.* at p. 6.)

### III. STATUTE OF LIMITATIONS ANALYSIS

Section 2255(a) provides that:

---

² Pursuant to the prisoner "mailbox rule," petitioner's filings are deemed filed on the date he delivered them to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-271 (1988); *see also Pabon v. Mahoney*, 654 F.3d 385, 391 n. 8 (3d Cir. 2011) (citing *Burns v. Mahoney*, 134 F.3d 109, 113 (3d Cir. 1998)).

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The statute of limitations period for petitioner's Section 2255 Motion is set forth in 28 U.S.C. § 2255(f), which states as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>> the date on which the judgment of conviction becomes final;
>> the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> the date on which the facts supporting the claims or claims presented could have been discovered through the exercise of due diligence.

A judgment of conviction becomes final under § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari expires. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Where a defendant does not pursue a timely appeal to the court of appeals, his conviction becomes final, and the statute of limitations begins to run on the date on which the time for filing such an appeal expired. *See id.*

In this case, petitioner did not file an appeal to the United States Court of Appeals for the Third Circuit. His judgment of conviction became final for purposes of § 2255, sixty days after judgment, or on May 9, 2010. *See* FED. R. APP. P. 4(a)(1)(B)(i) ("[T]he notice of appeal may be filed by any party within sixty days after entry of the judgment or order appealed from if one of the parties is the United States."). Therefore, his statute of limitations ran out one-year thereafter, or on May 9, 2011. Accordingly, even if this Court were to use the filing date of petitioner's first § 2255 motion that he filed in Civ. No. 12-7269 (November 1, 2012) for statute of limitations purposes, the motion was still filed more than one-year beyond when the statute of limitations period ran out in May 2011.

Petitioner's Section 2255 Motion does not implicate 2255(f)(2) or (3). Furthermore, it does not appear that Section 2255(f)(4) makes the instant motion timely. As previously stated, Section 2255(f)(4) provides for the tolling of the one-year statute of limitations period until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The claims raised by petitioner first challenge the effectiveness of his counsel and the actions of the prosecutors. As to both of these claims, petitioner could have discovered them through due diligence at or around when judgment was entered on March 10, 2010, at the latest. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) (addressing 28 U.S.C. § 2244(d)(1)(D) and stating that the one-year statute of limitations commences when the factual predicate of the claim could have been discovered through the exercise of due diligence, not when it was actually discovered). Petitioner states that his counsel denied his right to appeal. However, plaintiff indicates that he was told by his counsel on March 20, 2010 (well within the sixty-day time to appeal), that he would not be filing an appeal on petitioner's behalf. Moreover, there is nothing in the Section 2255 Motion to indicate that

petitioner's actual innocence claim relies on facts that could not have been discovered at or around the time of judgment through the exercise of due diligence. Similarly, Section 2255(f)(4) does not toll the statute of limitations for petitioner's claim that Title 18 of the United States Code is unconstitutional.

Before this Court dismisses the action as time-barred, petitioner will be given an opportunity to address the issue of the timeliness of his Section 2255 Motion. *See Bendolph*, 409 F.3d at 165 n. 15 ("[C]ourts should give notice that a limitations problem may exist, as well as provide an opportunity for a habeas movant or petitioner to respond.").

Petitioner may be able to overcome the time bar if he can show a basis for equitable tolling. The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Bass*, 268 Fed. Appx. 196, 199 (3d Cir. 2008). "Equitable tolling is a remedy which should be involved 'only sparingly.'" *Id.* (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit has stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland* [*v. Florida*], 130 S. Ct. [2549,] at 2565 [(2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or

legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013). Extraordinary circumstances may be found where (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted). In his response to the order to show cause, Petitioner can attempt to show that he is entitled to equitable tolling, thereby making his Section 2255 Motion timely.

## IV. APPLICATIONS FOR COURT DOCUMENTS AND EVIDENTIARY HEARING

As previously mentioned, petitioner also filed an application for court documents and for an evidentiary hearing. (*See* Dkt. Nos. 4 & 5.) In light of this opinion and because neither application implicates the statute of limitations issue for which petitioner is being ordered to show cause, both applications will be denied without prejudice.

## V. CONCLUSION

Because the Court finds that petitioner's Section 2255 Motion may be subject to dismissal due to its untimeliness, the Court will order petitioner to show cause why his petition should not be dismissed as untimely. An appropriate order follows.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: June 3, 2013