**NOT FOR PUBLICATION**                                                                    **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                                                :
FRANCISCO MENA,                                 :
                                                                :   **Civil Action No. 13-1508 (SRC)**
                    Petitioner,                         :
                                                                :
            v.                                                  :
                                                                :   **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,             :
                                                                :   **AND ORDER**
                    Respondent.                       :
_____:

**CHESLER**, District Judge

      On December 18, 2006, Petitioner, a federal prisoner, pled guilty to receiving stolen goods and to unlawful use of an access device. See ECF No. 1, at 1. He was sentenced on March 10, 2010, and did not file a direct appeal. See id. at 1 and 2. On November 1, 2012, he filed a motion to vacate, set aside or correct his sentence ("Initial Motion"), which was docketed as Civil Action No. 12-7269, before the undersigned. See Mena v. USA, Civ. Action No. 12-7269 (SRC), ECF No. 1, at 12; see also Houston v. Lack, 487 U.S. 266, 270-271 (1988) (prisoner's "mailbox rule"). Being advised of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), he sought withdrawal of his Initial Motion in order to file an all-inclusive motion ("All-inclusive Motion"). See Mena, Civ. Action No. 12-7269, ECF No. 7. The Court granted that request on February 20, 2013, see id. ECF No. 8, and the All-inclusive Motion was filed on March 6, 2013, giving rise to the instant matter. See ECF No. 1, at 12.

      In reviewing the instant motion, the Court concluded that it appeared untimely and that it was silent as to any basis for equitable tolling. Specifically, the Court held, in an Opinion dated June 3, 2013: "even if this Court were to use the filing date of petitioner's first § 2255 motion

that he filed in Civ. No. 12-7269 (November 1, 2012) for statute of limitations purposes, the motion was still filed more than one-year beyond when the statute of limitations period ran out in May 2011." See ECF Nos. 6, at 4.  Based on this holding, the Court directed Petitioner to show cause as to why his § 2255 challenges should not be dismissed as untimely.  See ECF Nos. 6 and 7; see also United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that a habeas petition should not be dismissed as untimely without a notice and an opportunity to respond).

Petitioner responded to the Order to Show Cause, arguing that he could overcome the statute of limitations by invoking the actual innocence exception.  See ECF Nos. 9 to 11.  Specifically, Petitioner relied on affidavits from his mother and ex-girlfriend as new evidence supporting his actual innocence claim.

In an Opinion dated August 8, 2013, this Court examined Petitioner's legal and factual assertions, as well as his supporting affidavits, in light of the factors detailed in the Supreme Court's then-recent decision of McQuiggin v. Perkins, __ U.S. __, 133 S. Ct. 1924, 1928 (2013).  Noting that "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" of actual innocence, this Court rejected Petitioner's claim of actual innocence because Petitioner "waited over three years after his judgment, and over two years after the statute of limitations expired to obtain [the] affidavits," and Petitioner did not explain "why he could not have obtained the information from these witnesses" sooner.  ECF No. 11, at 5.

The Court further concluded that no equitable tolling was warranted.  See ECF No. 11, at 6.  While Petitioner argued that he was entitled to equitable tolling based upon his counsel's ineffectiveness, the Court rejected this argument, holding that Petitioner failed to show that

counsel error prevented him from filing his motion in a timely fashion.  <u>See</u> <u>id.</u> ECF No. 11, at 9.  Thus, this Court dismissed Petitioner's § 2255 challenges as untimely by an Order dated August 8, 2013 ("August 8, 2013, Order").  <u>See</u> <u>id.</u> ECF No. 12.

On October 9, 2013, Petitioner made two submissions with the Court of Appeals, one titled "Motion to Appeal District Court's Decision" and another "Motion to Supplement Evidence."  <u>See</u> <u>id.</u> ECF No. 15-2.  The Court of Appeals forwarded both to this Court with a recommendation "to treat as a Notice of Appeal [as] Motion to File Appeal Out of Time."  <u>See</u> <u>id.</u>

Federal Rule 4 of Appellate Procedure governs motions for appeal out of time.  The rule provides, in relevant part:

> (a)  Appeal in a Civil Case.
>  (1)  Time for Filing a Notice of Appeal.
>   (A)  In a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the . . . order appealed from. . . .
>
>  (5)  Motion for Extension of Time.
>   (A)  The district court may extend the time to file a notice of appeal if:
>    (i)  a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>    (ii)  . . . that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(1) and (5).

Here, under Fed. R. App. P. 4(a)(1), Petitioner's time to file his notice of appeal expired on September 6, 2013.  Thus, his "Motion to Appeal District Court's Decision" ("Extension of Time Motion") had to be filed on or prior to October 5, 2013.  <u>See</u> Fed. R. App. P. 4(a)(5).  Since it was filed on October 9, 2013, it will be dismissed as untimely.

3

Moreover, even the Extension of Time Motion had been timely, it would be denied for failure to show excusable neglect.[1] To qualify for extension of time under the excusable neglect component of Fed. R. App. P. 4(a)(5)(ii), a litigant must assert facts meeting the considerations stated in Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 324-26 (3d Cir. 2012) (applying Pioneer Investment Serv. Co. v. Brunswick Assoc. Limited Partnership, 507 U.S. 380 (1993), and Consol. Freightways Corp. of Del. v. Larson, 827 F.2d 916 (3d Cir. 1987)).[2]  Here, Petitioner's submissions do not implicate a single Ragguette factor; rather, these submissions reiterate the actual innocence petition that this Court already dismissed under McQuiggin, as discussed herein.[3]

Lastly, in his Extension of Time Motion, Petitioner relies on 28 U.S.C. § 2241's "safety value" to excuse his untimely filing. That reliance is misplaced. A federal prisoner's challenge to the legality of his conviction or sentence may, generally, be litigated only through a § 2255

---

[1] The "good cause" component is not at issue here. See Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 324 (3d Cir. 2012) (citing, inter alia, Consol. Freightways Corp. of Del. v. Larson, 827 F.2d 916, 918 n.3 (3d Cir. 1987) (stating "that 'good cause' is a basis for extending time to file appeal 'only if the request is made within the original 30 day period for taking the appeal' and that 'any request for extension filed after the original period has run is governed by the excusable neglect standard'") (original brackets removed)).

[2] The Ragguette Court provided the following guidance: "We [must] determine[], inter alia, that . . . [the litigant] was not attempting to create some sort of facile excuse to extend the time to appeal . . . [that] this type of human error, though avoidable, was not readily foreseeable[] and [the litigant] otherwise acted with due (if not perfect) diligence and in good faith in attempting to comply with Rule 4(a)(5)  (including, among other things, drafting the notice of appeal within the 30-day limit, serving the notice of appeal on opposing counsel in a timely fashion, and then expeditiously filing a motion for an extension of time)." Ragguette, 691 F.3d at 326 (citation omitted).

[3] The Court notes that Petitioner attempts to unduly capitalize on this Court's Miller notice by arguing that this Court implicitly excused the untimeliness of his Petition when the Court informed Petitioner of his Miller rights. This Court's Miller notice—which advised Petitioner that he could withdraw his motion and file an all-inclusive one—had no relation to the timeliness concerns that were raised in and addressed upon Petitioner's response to the Order to Show Cause.

motion.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  While the safety valve opens access to § 2241 in those rare cases where § 2255 is "inadequate or ineffective to test the legality of . . . detention," In re Dorsainvil, 119 F.3d 245, 249-50 (3d Cir. 1997) (quoting 28 U.S.C. § 2255(e)), § 2255 "is not inadequate or ineffective merely because . . . the one-year statute of limitations has expired . . . ." Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Thus, § 2241 jurisdiction becomes available only where the litigant is: (a) "being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and (b) barred from § 2255 by the circumstances outside his control.  In re Dorsainvil, 119 F.3d at 252.  Here, Petitioner's own failure to timely file his petition barred him from § 2255 review, and no intervening Supreme Court precedent rendered his conduct non-criminal.  See ECF Nos. 15 and 15-1.

    **IT IS**, therefore, on this 11th day of March, 2014,

    **ORDERED** the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

    **ORDERED** that the Motion to Appeal District Court's Decision, ECF No. 16, is denied as untimely and, in addition, substantively meritless; and it is further

    **ORDERED** that the Motion to Supplement Evidence, ECF No. 17, is denied as moot and, in addition, substantively meritless;[4] and it is further

---

[4] The "Motion to Supplement Evidence" re-raised, again, Petitioner's actual innocence argument (already dismissed under McQuiggin).  In addition, while conceding that he was likely to be removed from the United States upon release from penal confinement, Petitioner alleges in this motion that he might suffer hypothetical prejudice by "premature deportation."  ECF No. 17, at 7.  While Petitioner has due process rights to challenge his removal, he cannot affect the length of his custodial term by expediting or delaying that removal.  Accord In re Mota-Rivera, 412 F. App'x 438, 439 (3d Cir. 2011).  Thus, he cannot attack his custodial term by asserting the risk of "premature deportation."

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

                                              ____/s/_____
                                              **STANLEY R. CHESLER**
                                              United States District Judge